In the
United States Court of Appeals
For the Seventh Circuit

No. 00-4144

Gail Levy Schaffner,

Plaintiff-Appellant,

v.

Glencoe Park District,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 C 4714--Robert W. Gettleman, Judge.

Argued May 18, 2001--Decided July 5, 2001


   Before Easterbrook, Manion, and Evans,
Circuit Judges.

   Manion, Circuit Judge.  Gail Schaffner
sued her employer, the Glencoe Park
District, alleging that it had
discriminated against her by failing to
promote her in violation of the Age
Discrimination in Employment Act, 29
U.S.C. sec. 621 et seq. (the "ADEA"). The
district court granted summary judgment
for the Park District, concluding that
Schaffner had not established a prima
facie case of age discrimination, and
that she failed to create a genuine issue
of material fact regarding whether the
Park District's proffered reasons were
pretextual. Schaffner appeals. We affirm.

I.  Background

   Since 1985, Schaffner worked for the
Glencoe Park District as its Kids' Club
Director, a seasonal, part-time position.
Over the years that Schaffner was
employed by the Park District, her
supervisors reviewed her performance,
finding it satisfactory in many
respects/1 and unsatisfactory in others.
For example, she was told that she was
unable to work harmoniously with others,
that she often exhibited bias in favor of
or against certain children, that she
failed to follow directives, and that she
failed to adequately plan programming for

the children. Nevertheless, Schaffnercontinued working at the Park District on a year-to-year basis, and as recently as August 1999 was re-hired for the position of Kids' Club Director for the morning program.

In June 1999, Cheryl DeClerc, the Park District's Program Manager, posted a job announcement for the year-round, full-time position of Program Supervisor and mailed a copy to Schaffner and all other current Park District employees. The position of Program Supervisor entails overseeing several programs and supervising between 12 and 14 people. The job announcement, in relevant part, stated:

Glencoe Park District seeks an energetic, well organized, experienced professional to supervise and lead a variety of recreational programs that include before and after school care, summer camps, kindergarten enrichment, senior programs and assist in the coordination of other areas as assigned. Position requires ability to handle multiple on-going tasks, excellent communication skills and ability to work well with and manage others. Position entails administrative, supervisor and direct program leadership responsibilities.

REQUIRED EDUCATION: Bachelors Degree in Education, Recreation, Social Work

In late July 1999, Schaffner submitted a handwritten letter of application, along with a resume with handwrittendeletions and corrections. Schaffner holds a bachelor's degree in English and a partially completed Master's degree in Education. In her position as Kids' Director for the Park District, she oversaw the before- and after-school care of children in kindergarten through second grade, and supervised one to two employees. In addition to her service at the Park District, her former experience included twelve years of teaching school.

The Park District did not hire Schaffner for the position of Program Supervisor. At the time she was approximately 62 years old. Instead, in August 1999, it hired Shannon Anderson, who was approximately 25 years old. Ms. Anderson's typewritten letter of

application and resume detailed her education and experience, which included a bachelor's degree in Recreation Programming and four years of experience with the YMCA where she oversaw two programs and supervised 16 to 20 employees.

After learning that she did not get the job, Schaffner filed a complaint with the Illinois Department of Human Rights and with the EEOC on November 1, 1999, claiming that the Park District discriminated against her due to her age by hiring Anderson since (1) Anderson was "younger, less experienced and less qualified" than she, (2) the Park District's reasons for not hiring her were pretextual, and (3) she was "meeting the legitimate expectations of her employer at the time." On January 14, 2000, the EEOC issued Schaffner a right to sue letter, and she subsequently filed the present action in district court.

The Park District moved for summary judgment, and the district court granted that motion, concluding that Schaffner had not established that she was qualified for the position, and thus had failed to establish a prima facie case of age discrimination. The court then went on to decide that, even if Schaffner had established a prima facie case, the Park District had articulated four legitimate reasons for its decision not to promote Schaffner, and that there was no genuine issue of material fact regarding whether at least three of those articulated reasons were a pretext for age discrimination. Schaffner appeals the district court's decision granting summary judgment to the Park District.

II. Discussion

We review a grant of summary judgment de novo, considering the facts in the light most favorable to the non-moving party. See Ransom v. CSC Consulting, Inc., 217 F.3d 467, 468 (7th Cir. 2000). Summary judgment is proper if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). See also Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

The ADEA prohibits intentional discrimination against persons who are age 40 or over. See 29 U.S.C. sec.sec. 623(a)(1), 631 (a). A plaintiff may show age discrimination directly or, as Schaffner attempts to do here, by the indirect, burden-shifting approach set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under this latter method, the plaintiff must first set forth a prima facie case of discrimination. Once she does so, the employer must articulate a non-discriminatory reason for the employment decision. The plaintiff must then present evidence that the proffered reason was pretextual. See id., 411 U.S. at 802-04; Rummery v. Illinois Bell Telephone Co., 250 F.3d 553, 556 (7th Cir. 2001).

A.   Prima Facie Case

In order to set forth a prima facie case of age discrimination for failure to promote under the ADEA, a plaintiff must show: (1) she was 40 or older, (2) she applied for and was qualified for the position sought, (3) she was rejected for the position, and (4) someone substantially younger than she was given the position. See Rabinowitz v. Pena, 89 F.3d 482, 486 (7th Cir. 1996). The parties do not dispute that Schaffner established the first, third and fourth requirements. However, the district court concluded that Schaffner had not established the second element because she did not possess the educational requirements necessary for the position.

It is undisputed that the job posting required the applicant to hold one of several specific types of bachelor's degrees: Education, Recreation or Social Work. Schaffner does not hold such a degree; rather, she had a bachelor's degree in English. It is also undisputed that the candidate that the Park District chose to hire, Anderson, had a bachelor's degree in Recreation. Because Schaffner does not possess one of the required degrees for the position to which she sought to be promoted, she was not qualified for the position and she thus has failed to establish a prima facie case of discrimination.

Schaffner argues, however, that her extensive teaching experience, in

combination with her educational background and her experience at the Park District, ought to be considered the equivalent of one of the specified bachelor's degrees. Rod Aiken, the Director of Parks and Recreation for the Park District, testified that the Park District required a bachelor's degree in the areas specified because the curriculum for such degrees provides relevant training, as well as a foundation that may increase the benefit of the person's experience. We need not decide whether it is reasonable for an employer to place value on the actual receipt of a particular degree, irrespective of the applicant's experience, and we will not presume to mandate that the Park District equate Schaffner's teaching experience with an actual degree in Education. "What the qualifications for a position are, even if those qualifications change, is abusiness decision, one courts should not interfere with. We do not tell employers what the requirements for a job must be." Gorence v. Eagle Food Ctr., 242 F.3d 759, 765 (7th Cir. 2001) (internal citation omitted).

Schaffner also argues that there is a genuine issue of material fact regarding whether she was qualified for the position. Specifically, she argues that because the Park District had previously hired an applicant for the position of Program Supervisor in 1998/2 who did not possess the required degree, the degree was not really a job qualification. We disagree. When the Park District hired Dana Schactman, who did lack the required degree, it did so only after two unsuccessful searches for a qualified candidate. Because the position needed to be filled, the Park District hired Schactman on the condition that she would pursue the required degree. The fact that the Park District hired an unqualified person for a job when there were no qualified candidates available does not mean that Schaffner herself is qualified for the position. See Warfield v. Lebanon Correctional Inst., 181 F.3d 723, 730 (6th Cir. 1999) ("Whether or not others were qualified is usually not generally relevant to the question of whether the plaintiff was qualified.").

B. Pretext

Moreover, assuming, arguendo, that Schaffner had established a prima facie case, the Park District articulated four reasons for its decision not to promote Schaffner, and as discussed below, Schaffner has failed to establish that these reasons were pretextual. First, the Park District states that it did not promote Schaffner because she lacked the required four-year degree and relevant work experience. Again, Schaffner points to the Park District's prior hiring of an unqualified person as evidence that her own lack of qualifications was not the real reason for not promoting her. Even if the educational degree was not a mandatory job requirement, that does not address whether the Park District honestly preferred to hire an individual with such a degree. In addition, Schaffner has not rebutted the Park District's assertions that she lacked the administrative and supervisory experience required for the position. The position Schaffner sought involved overseeing several programs and 12 to 14 employees. In all her years with the Park District, by Schaffner's own admission she had supervised only one to two other employees and had overseen only one program. This is not sufficient to overcome the Park District's proffered reason that Schaffner was not sufficiently qualified for the position she sought.

Second, the Park District stated that it did not promote Schaffner because it believed she was unable to work well with others. Schaffner argues that there is a genuine issue of material fact regarding whether she could work well with others. The district court agreed with her, based on the affidavit of one of her co-workers and the affidavits of several parents whose children had participated in the Kids' Club. However, the issue is not whether Schaffner worked well with others, but whether the Park District honestly believed that she did not. In order to rebut the Park District's articulated reason, Schaffner must present evidence that it did not believe its own assessment. "[The employee's] perception of himself, however, is not relevant. It is the perception of the decision maker which is relevant." Dale v. Chicago Tribune Co., 797 F.2d 458, 464-65 (7th Cir. 1986) (citation omitted). See also Rummery, 250 F.3d at

557-58 (requiring plaintiff to present evidence that employer did not believe its own evaluation). The affidavits of parents and of Schaffner's coworkers simply do not contradict whether the Park District honestly believed Schaffner worked well with others. The parents' and coworkers' affidavits do not indicate that they communicated their favorable impressions to the Park District. The testimony of Schaffner's supervisors indicates that, while they also had favorable impressions of Schaffner's work, they had concerns about her ability to work harmoniously with others. Schaffner's evidence does not indicate that the Park District lied about this assessment. Because Schaffner did notpresent any evidence to contradict the Park District's honest, albeit possibly mistaken belief (as opposed to the underlying truth of that belief), she may not overcome the Park District's second articulated reason for not promoting her.

As its third reason for not promoting Schaffner, the Park District argues that her handwritten resume and cover letter were unprofessional. Schaffner argues that there was no specific requirement regarding the form of applications, and therefore the Park District's third proffered reason must be false. We disagree. Holding otherwise would essentially require all employers to specify with exactitude the manner in which resumes and cover letters should be submitted. It is reasonable for an employer to hire an applicant based on the professional manner in which he presents himself for consideration, or to decide not to hire someone based on a lack of professionalism. We have repeatedly stated that we do not sit as a super-personnel department over an employer, and that well-worn maxim applies here.

Lastly, the Park District argues that it did not promote Schaffner because it hired a more qualified person. Schaffner argues, however, that there is sufficient evidence (namely her extensive experience in working with children) that she was more qualified than, or at least as qualified as, Anderson. However, even setting aside the degree requirement (which Anderson satisfied), Anderson had worked in a nearly identical job to that of the desired position, running multiple

programs and supervising up to 20 staff members. In contrast, while she did have significant teaching experience, Schaffner had run only one program and supervised at most two other employees. In any case, we reiterate that the relevant inquiry is not whether Schaffner was actually better qualified than Anderson, but rather whether the Park District lied about its reason./3

Finally, Schaffner points to a number of comments which she claims are evidence of an animus to age and thus are relevant to the issue of pretext. For example, Schaffner points to some comments made on a 1995 evaluation of her performance at the Park District, such as: "shows lack of enthusiasm for job, not very energetic" and "seems very settled in job and sometimes unwilling to continue growing with the program." Without more, such comments, even out of context, are not age-related. See Fortier v. Ameritech Mobile Communications, Inc., 161 F.3d 1106, 1113 (7th Cir. 1998) (finding that statements such as needing "new blood" or an employee with a "lot of energy," standing alone, do not raise an inference of age discrimination). Schaffner also points to the following comment, made on the occasion of Schaffner's purchase of a new silver car: "Sharp car. You must have bought it to match your hair." Such comments are best described as stray remarks, unrelated to the employment decision in question, and thus insufficient to support an inference of pretext. See Schreiner v. Caterpillar, Inc., 2001 WL 521429, * 2 (7th Cir. May 17, 2001) ("[s]tray workplace comments unrelated to the alleged discriminatory employment decision are not sufficient to support an inference of discrimination.").

III.  Conclusion

Gail Schaffner did not raise a genuine issue of material fact that would enable her to establish either a prima facie case under the ADEA, or that the Park District's proffered reasons were pretextual. Therefore, we affirm the decision of the district court to grant summary judgment to the Glencoe Park District.

FOOTNOTES

/1 In past years Schaffner was described as being reliable and dependable, being well prepared and organized, and having a good understanding of children and their physical and social development.

/2 It is undisputed that Schaffner did not apply for the position of Program Supervisor in 1998.

/3 Schaffner had argued on appeal that if any one of the Park District's proffered reasons was pretextual, all of the proffered reasons are necessarily contaminated and summary judgment is precluded. Because we conclude that Schaffner failed to present evidence that any of the reasons were lies, we need not address this issue.