**Roberta M. BAKER, Plaintiff–Appellant,**

v.

**SPEEDWAY SUPERAMERICA, L.L.C., Defendant–Appellee.**

**No. 00–4134.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 8, 2001.

Decided Jan. 22, 2002.

Before BAUER, RIPPLE, and WILLIAMS, Circuit Judges.

### ORDER

Roberta Baker sued Speedway Super-America for age discrimination under the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. § 621, after Speedway assigned a younger woman to manage one of its stores. The district court granted summary judgment in Speedway's favor, holding that Baker failed to establish her prima facie case. Baker appeals and for the reasons stated below, we affirm.

Roberta M. Baker was born on July 20, 1937. She began her employment with Speedway in August 1977, and was managing one of its Crawfordsville, Indiana stores, Store 7346, within a year. She managed Store 7346 until April 1998, when Speedway closed it to build a larger twenty-four hour store on the same site that would carry eight times more inventory. Baker had managed Store 7346 for twenty years, and assumed she would continue to do so, but Speedway assigned thirty-nine year old Vicki Mason to manage the revamped Store 7346 and Baker to act as assistant manager. Prior to managing Store 7346, Mason, who had been with Speedway for only five years, had managed a similar high-volume store in Plainfield, Indiana. Baker was less than pleased with Speedway's decision and brought this suit for age discrimination. The district court granted Speedway's motion for summary judgment and Baker appeals that decision.

We review the grant of summary judgment de novo, considering the facts in the light most favorable to Baker, the non-moving party. *Schaffner v. Glencoe Park Dist.*, 256 F.3d 616, 620 (7th Cir.2001). Baker may show age discrimination under the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), burden-shifting approach by first establishing a prima facie case of discrimination. Once she does so, Speedway must articulate legitimate, nondiscriminatory reasons for its employment decision. Baker must then present evidence that Speedway's proffered reasons were pretextual. *McDonnell Douglas*, 411 U.S. at 802–04, 93 S.Ct. 1817.

In order to set out a prima facie case, Baker must establish that she is at least 40 years old, performed her job satisfactorily, suffered an adverse employment action,

and that others outside her protected class were treated more favorably. *Horwitz v. Bd. of Educ. of Avoca Sch. Dist.*, 260 F.3d 602, 610 (7th Cir.2001). In this case, only two factors are at issue, whether Baker suffered an adverse employment action and whether similarly situated younger employees were treated more favorably. The district court found that Baker failed to make out her prima facie case because she did not suffer an adverse employment action and, in any event, was not similarly situated to Mason. While the parties dispute the soundness of that holding, we choose to dispose of the suit on a different basis – that Baker failed to present sufficient evidence of pretext. *See EEOC v. Our Lady of Resurrection Med. Center*, 77 F.3d 145, 149 (7th Cir.1996) ("[T]his court may advance to an ultimate issue in a summary judgment analysis and consider the discrimination question notwithstanding a dispute over a fact necessary for a prima facie case."); *see also Abioye v. Sundstrand Corp.*, 164 F.3d 364, 368 (7th Cir.1998).

Among other reasons, Speedway assigned Mason to manage Store 7346 because it considered her the better qualified candidate. This was due to her previous experience managing a large high-volume store, and spotless record as a Speedway employee. Baker argues that based on her performance evaluations, she was qualified for the position. This argument, however, does not show that Speedway did not honestly believe that Mason was the better choice for the job and Baker offers no evidence supporting such an inference. If Speedway "honestly believed in the non-discriminatory reasons it offered, even if the reasons are foolish or trivial or even baseless," *Hartley v. Wisconsin Bell, Inc.*,

124 F.3d 887, 890 (7th Cir.1997), Baker's allegations of pretext must fail. Furthermore, Baker's own belief that she was the better candidate is irrelevant to the question of pretext. *Dey v. Colt Construct. & Dev. Co.*, 28 F.3d 1446 (7th Cir.1994). Even if her personal appraisal contains true statements about her accomplishments, Speedway was entitled to choose the better candidate. *Dunn v. Nordstrom, Inc.*, 260 F.3d 778, 787 (7th Cir.2001).

AFFIRMED.