In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-2455

GENE VAN ANTWERP,

*Plaintiff-Appellant,*

*v.*

CITY OF PEORIA, ILLINOIS,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 08-cv-1177—**Joe Billy McDade**, *Judge.*

ARGUED OCTOBER 29, 2010—DECIDED DECEMBER 6, 2010

Before POSNER, KANNE, and WILLIAMS, *Circuit Judges.*

KANNE, *Circuit Judge.* After working as a patrol officer for the Peoria Police Department for eighteen years, Gene Van Antwerp applied for a transfer to a technician position in the Department's Crime Scene Unit. He was interviewed and selected, but the Department subsequently withdrew his transfer, purportedly because the position did not become available as planned. Four months later, the Department conducted additional in-

terviews and offered the technician opening to another officer. Believing the Department discriminated against him on account of his age and national origin when it rescinded his transfer, Van Antwerp filed a discrimination claim in federal district court. The City of Peoria, representing the Department, moved for summary judgment, and the district court ruled in favor of the City. Van Antwerp appealed only the grant of summary judgment on his age discrimination claim. Because Van Antwerp's evidence does not point directly to a discriminatory reason for the Department's actions, we affirm the judgment below.

## I. BACKGROUND

Van Antwerp began his employment with the Peoria Police Department in 1988 as a patrol officer. After eighteen years in that capacity, Van Antwerp decided a change was in order. In September 2006, he responded to an internal vacancy announcement put forth by the Department. The announcement stated that two technician openings were expected in the Crime Scene Unit; one position would start immediately, while the other had an anticipated January 2007 start date. The posting provided that three years of seniority, along with relevant experience and expertise, were required for each position. Van Antwerp was fifty years old when he applied for the technician position.

Van Antwerp and a number of other officers were interviewed for the vacancies by a panel consisting of Captain Philip Korem, Lieutenant Vince Weiland, and

Sergeant Randy Pollard. After the interviews were complete, Weiland and Pollard recommended that the position currently available be given to Officer Paul Tuttle. For the position scheduled to open in January 2007, the two believed Officer Tim Wong was the better candidate, given his interview performance, qualifications, and expertise. Because Wong was twenty-six days short of the seniority requirement, however, they recommended Van Antwerp for that position. A personnel order was issued on September 27, 2006, advising Tuttle and Van Antwerp of their transfers. Tuttle was transferred immediately thereafter.

To Van Antwerp's disappointment, the Department subsequently rescinded his transfer order. On November 7, 2006, Korem sent out a memorandum advising all personnel that Van Antwerp would not be transferred to the Crime Scene Unit. While Korem offered no explanation at the time, the Department later asserted that the transfer did not take place because the vacancy in the Unit did not arise as anticipated. According to the Department, the vacancy depended on the promotion of Officer Kenneth Snow, who was a senior technician in the Unit. But Snow's permanent promotion to Sergeant in turn depended on the retirement of Sergeant Melvin Little. Little retired earlier than expected, and Snow was not able to be permanently moved out of the Crime Scene Unit due to union requirements, thus leaving the anticipated position temporarily unavailable. When the Department ascertained that Snow's position would be available in mid-2007, it posted another

vacancy announcement and conducted new interviews in March 2007. This time, the position went to Wong.

Believing that the Department discriminated against him when it rescinded his transfer to the technician post, Van Antwerp brought suit against the City of Peoria in the United States District Court for the Central District of Illinois. Van Antwerp claimed that the Department withdrew his transfer because of his age, in violation of the Age Discrimination and Employment Act (ADEA), and because of his Dutch national origin, in violation of Title VII of the Civil Rights Act. After striking some of Van Antwerp's evidence, the district court granted summary judgment in favor of the City on all counts. Van Antwerp appealed only his ADEA claim.

## II. ANALYSIS

We review a district court's grant of summary judgment *de novo*. *Tindle v. Pulte Home Corp.*, 607 F.3d 494, 495 (7th Cir. 2010). Summary judgment is appropriate where the evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "There is no genuine issue of material fact when no reasonable jury could find in favor of the nonmoving party." *Brewer v. Bd. of Trs. of the Univ. of Ill.*, 479 F.3d 908, 915 (7th Cir. 2007).

The ADEA makes it illegal for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect

to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a violation of the ADEA, an employee must show that age actually motivated the adverse employment action. *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 641 (7th Cir. 2008). Put differently, age must have played a role in the employer's decision-making process and had a determinative influence on the outcome. *Schuster v. Lucent Techs., Inc.*, 327 F.3d 569, 573 (7th Cir. 2003).

An employee may set forth an ADEA claim through the direct or indirect method of proof. *Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 695 (7th Cir. 2006). Van Antwerp has chosen the direct method and can meet his burden of proof by offering direct evidence of animus—the so-called "smoking gun"—or circumstantial evidence which establishes a discriminatory motive on the part of the employer through a longer chain of inferences. *Mach v. Will County Sheriff*, 580 F.3d 495, 499 (7th Cir. 2009). Circumstantial evidence can take many forms, including "suspicious timing, ambiguous oral or written statements, or behavior toward or comments directed at other employees in the protected group," evidence showing "that similarly situated employees outside the protected class received systematically better treatment," and "evidence that the employee was qualified for the job in question but was passed over in favor of a person outside the protected class and the employer's reason is a pretext for discrimination." *Sun v. Bd. of Trs.*, 473 F.3d 799, 812 (7th Cir. 2007). Whatever circumstantial evidence is offered, however, must "point

directly to a discriminatory reason for the employer's action." *Adams v. Wal-Mart Stores, Inc.*, 324 F.3d 935, 939 (7th Cir. 2003).

Van Antwerp argues that summary judgment was improper, as he has offered evidence showing that he was qualified for the technician post and that the employer's reason for rescinding his transfer was a lie designed to obfuscate age-based discrimination. The Department claims its reason for not transferring Van Antwerp was perfectly legitimate: it did not transfer him because the position did not become available as anticipated.

We do not believe Van Antwerp has proffered sufficient evidence to allow a jury to find that the Department's legitimate reason for rescinding his transfer was a pretext for discrimination. To establish pretext, Van Antwerp must show that the Department's reason for cancelling his transfer was a lie—not just an error, oddity, or oversight. *See Stockwell v. City of Harvey*, 597 F.3d 895, 901 (7th Cir. 2010); *Faas*, 532 F.3d at 642. Van Antwerp's strongest evidence on this point consisted of statements made by Little that he did not inform Department management that he was going to retire early; because the Department allegedly was not aware of Little's intentions, Van Antwerp claims that the Department could not base its decision to rescind his transfer on Little's early departure. But this is not a full picture of Little's deposition testimony. Little also stated that he told a number of officers in the Department that he was considering early retirement, and he confirmed that

he did retire earlier than expected. Taken in sum, Little's statements would not allow a jury to conclude that the Department lied about the reason for rescinding Van Antwerp's transfer; at best, they might permit a jury to conclude that the Department made an error in personnel planning or was sloppy in not confirming Little's retirement. As such, we do not believe a reasonable jury could infer pretext from Little's statements, and for that reason Van Antwerp's direct claim fails.

We also note that, assuming Van Antwerp marshaled enough circumstantial evidence to show pretext, his claim of discrimination under the direct method would still fail. Evidence offered under the direct method "must allow a jury to infer more than pretext; it must itself show that the decisionmaker acted because of the prohibited animus." *Venturelli v. ARC Cmty. Servs., Inc.*, 350 F.3d 592, 601 (7th Cir. 2003); *see also Adams*, 324 F.3d at 939 ("[C]ircumstantial evidence . . . must point directly to a discriminatory reason for the employer's action. Otherwise, the plaintiff must proceed by way of the well-known indirect route."). Even if Van Antwerp had shown that the Department lied about the lack of an opening, he has pointed to no evidence that would raise an inference that the Department failed to transfer him because of his age, and we can find none. Without some minimal showing that the "real reason" for cancelling his transfer was based on age, Van Antwerp's direct claim fails. *Cf. Hobbs v. City of Chicago*, 573 F.3d 454, 462 (7th Cir. 2009).

For a number of reasons, Van Antwerp cannot seek refuge in the indirect method of proof. First, Van Antwerp

did not avail himself of the indirect method of proof before the district court. While he occasionally responded to some of the burden-shifting factors discussed by the City in its brief, he repeatedly asserted that he was utilizing the direct method of proof to show discrimination. He reiterated that position in his brief to this court. It was only during his rebuttal at oral argument, at the last possible moment, that Van Antwerp claimed he was also utilizing the indirect method of proof. Unfortunately for Van Antwerp, this assertion comes too late: "arguments not made before the district court are waived on appeal." *Burks v. Wis. Dep't of Transp.*, 464 F.3d 744, 750 n.3 (7th Cir. 2006). For that reason, Van Antwerp cannot proceed under the indirect method this late in the game. Second, even if Van Antwerp had not waived his indirect claim, it would still lack merit. He is unable to show, for the reasons discussed above, that the City's legitimate reason for not transferring him was a pretext for age-based discrimination. Without a showing of pretext, any indirect claim would fail. *See Schaffner v. Glencoe Park Dist.*, 256 F.3d 616, 623 (7th Cir. 2001).

Van Antwerp also argues that the district court erred when it struck, sua sponte, an overtime report he prepared for failure to comply with a local district rule. This evidence was relevant only to the question of whether the failure to transfer was an adverse employment action, as is required to establish an ADEA claim. Since we have assumed that the transfer qualified as an adverse employment action and found that summary judgment was proper on another ground, we need not address this issue.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.