NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 26, 2012[*]
Decided September 26, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-1065

| | |
|---|---|
| ROBERTA M. MATTHEWS, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 05 C 2748 |
| PATRICK R. DONAHOE, Postmaster General, *Defendant-Appellee.* | William J. Hibbler, *Judge.* |

O R D E R

Roberta Matthews, an African-American woman, appeals the grant of summary judgment in favor of the United States Postal Service, her former employer, in this suit claiming race and sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e-2(a)(1), 2000e-3(a), and race discrimination under 42 U.S.C.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

§ 1981. Because Matthews has failed to make a prima facie case of discrimination or retaliation, we affirm the judgment of the district court.

Matthews argues that she faced five "adverse employment actions"—delay in continuation of pay, transfer, harassment, suspension, and termination—for impermissible reasons while employed by the Postal Service as a city carrier. We begin with three that the district court ruled were not materially adverse. She contends first that, because of her race (black), sex (female), and disability (back injury), the Postal Service delayed for two months paying her salary for the time that she missed work after an injury. Second, Matthews maintains that the Postal Service transferred her to its Willowbrook annex because of her race and sex, and to retaliate against her for earlier protesting discrimination. She concedes that after her transfer her job responsibilities remained the same, but on appeal she contends that she faced more arduous conditions involving some heavy lifting. Third, Matthews contends that beginning in December 2003, her supervisors engaged in a pattern of harassment based on race or sex. They ordered her to take her lunch break before 3:00 p.m., told her to finish her route after dark if she could not finish it during daylight hours, and followed her on her route. They also told her to cross wet grass (which she contends is dangerous), asked her to "finger mail" (verify the address on mail between stops), warned her about her absenteeism, denied her non-union representation at pre-disciplinary interviews, and criticized her by giving her "paper training"—a reminder of Postal Service policies.

Matthews also presents two other adverse actions, which the district court ruled were material. Matthews contends that in May 2003 she was given a long-term suspension for impermissible reasons after a verbal altercation with another employee who was sent to assist her. Matthews approached a supervisor about the employee, and stated that "if [the employee] comes out there again, I'm going to kick her ass." When the supervisor asked her to calm down, Matthews responded "You are not my boss . . . You ain't shit and you can't tell me what to do." Matthews was suspended and the other employee was not disciplined. The final adverse employment action was Matthews's discharge in March 2004. The supervisor who made the decision relied on Matthews's 53 unauthorized absences over a recent 3-month period and on her prior disciplinary record, which consisted of a letter of warning, a 7-day suspension, a 14-day suspension, and a long-term suspension.

The Postal Service moved for summary judgment on Matthews's discrimination and retaliation claims. In opposing the motion, Matthews relied on only the indirect method of proof. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). She argued that she had performed her job satisfactorily and was subjected to several adverse employment decisions. For her termination claim, she also asserted that she was treated less favorably than a white male employee who also had attendance issues but was not fired.

The district court disagreed and granted summary judgment for the Postal Service. The court reasoned that only two of the incidents of alleged discrimination and retaliation—long-term suspension and termination—constitute adverse employment actions, and those claims fail because Matthews cannot demonstrate that she was performing her job satisfactorily.

On appeal Matthews first asserts that the district court abused its discretion in determining that she failed to comply with Local Rule 56.1(b) and accepting the Postal Service's version of the facts. Local Rule 56.1(b) requires the party opposing a motion for summary judgment to identify material facts in dispute and cite to admissible evidence controverting the moving party's evidence. In Matthews's response to the Postal Service's statement of material facts, she admitted most of the factual assertions and denied others, but did not cite to the record to support her denials. Because of her noncompliance with Local Rule 56.1(b), the judge justifiably accepted the Postal Service's factual assertions as undisputed; as we have repeatedly held, district courts are within their discretion to strictly enforce compliance with their local rules regarding motions for summary judgment. *See Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006); *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809–10 (7th Cir. 2005). Thus we accept the Postal Service's version of the facts in determining whether summary judgment is proper, but construing those facts, we have done so in the light most favorable to Matthews. *See Cady*, 467 F.3d at 1061.

Matthews argues that she presented sufficient evidence to the district court establishing a prima facie case of race and sex discrimination and retaliation under the indirect method of proof. We disagree. Like the district court, we think that on her first three claims Matthews failed to show that she was subjected to a materially adverse employment action. *See McDonnell Douglas Corp.*, 411 U.S. at 802; *Keeton v. Morningstar, Inc.*, 667 F. 3d 877, 884 (7th Cir. 2012); *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 666 (7th Cir. 2006). First, the mere two-month delay in Matthews's continuation of pay, though an annoyance, had no effect on the terms of her employment. *See Herron v. Daimler Chrysler Corp.*, 388 F.3d 293, 301 (7th Cir. 2004) (two-month delay in overtime payment not adverse employment action). Second, the transfer to Willowbrook, where Matthews was assigned identical tasks to her duties at Oakbrook, did not change the terms of her employment. *See id.* at 301 (no adverse employment action where transfers did not change employee's pay or status); *Grube v. Lau Indus., Inc.*, 257 F.3d 723, 728 (7th Cir. 2001); *Williams v. Bristol-Myers Squibb Co.*, 85 F.3d 270, 274 (7th Cir. 1996). (Although Matthews argues on appeal that the new route was arduous, the record contains no evidence of this and so the contention is eliminated as a triable issue.) Third, Matthews's contention that the Willowbrook supervisors subjected her to a "hostile work environment" by excessively scrutinizing her work, instructing her to cross wet grass and "finger" mail, denying her non-union representation, and warning her about her attendance problems, does not show

a pattern of threatening or humiliating harassment or a workplace permeated with discriminatory ridicule, intimidation, or insult. *See Luckie v. Ameritech Corp.*, 389 F.3d 708, 714 (7th Cir. 2004); *Herron*, 388 F.3d at 302–03.

Although two of the Postal Service's actions were materially adverse—the long-term suspension and termination—Matthews still cannot show that her job performance met the Postal Service's legitimate expectations, which is an element of her indirect case. *See McDonnell Douglas Corp.*, 411 U.S. at 802; *Keeton*, 667 F. 3d at 884; *Tomanovich*, 457 F.3d at 666. Matthews asserts that she "performed her duties in a professional and outstanding manner." But it is undisputed that the long-term suspension directly followed Matthews's profane threats of violence to a supervisor—threats that the coworker to whom Matthews compares herself did not make. *See Everroad v. Scott Truck Systems, Inc.*, 604 F.3d 471, 478 (7th Cir. 2010) (insubordinate employee did not meet legitimate expectations). And the supervisor who fired Matthews in 2004 considered both her recent, excessive absences and her prior disciplinary record, including two short suspensions, one long-term suspension, and a letter of warning. Matthews admits that at the time of her termination she had missed 53 days of work in a three-month period. She cannot substantiate that a coworker outside of her protected class with similar absenteeism was treated more favorably. This alone justified the discharge. *See Timmons v. Gen. Motors Corp.*, 469 F.3d 1122, 1128 (7th Cir. 2006) (employee who admitted excessive absences and skipping meetings failed to meet legitimate employment expectations).

Matthews also asserts that she produced sufficient evidence to survive summary judgment on her retaliation claims under the direct method of proof. But she did not avail herself of the direct method of proof before the district court, and so she has waived argument under the direct method on appeal. *See Van Antwerp v. City of Peoria, Ill.*, 627 F.3d 295, 299 (7th Cir. 2010); *Weber v. Univs. Research Ass'n, Inc.*, 621 F.3d 589, 592–93 (7th Cir. 2010).

Matthews also generally challenges the district court's grant of summary judgment on her discrimination and retaliation claims under § 1981, which are identical to her Title VII claims. Because we evaluate § 1981 claims under the same rubric as Title VII claims, we need not address them separately. *See Herron*, 388 F.3d at 299; *Williams v. Waste Mgmt. of Ill., Inc.*, 361 F.3d 1021, 1028 (7th Cir. 2004).

AFFIRMED.